Good morning, we have a busy morning for our final day this week. Counsel, we're familiar with your cases, we've read your briefs, the authorities cited in your briefs, at least portions of the record, so if you don't have a lot of time this morning, get straight to the heart of your argument. Be mindful of the traffic lights, when the red light shines, it's time to wrap it up. But if you're answering a question from the court, you of course can finish your answer, and in the event that you're worried about losing some rebuttal time, don't worry, you'll be on our clock if you're answering a question from us. But be mindful of our time, we have five cases to hear today. So our first case this morning is Ben-Gora Loan Servicing v. Scarver. Mr. Nason. Yes, Your Honor, Frank Nason on behalf of the trustee, Cathy Scarver. The preliminary issue in this case is the definition of a subscribing witness under Georgia law. What we have in this case is a deed that was attested to by one witness, an unofficial witness, it was not attested to by an official witness, so it is not eligible to be recorded. We have an affidavit that the district court has determined supports the recording of the deed under section 44218, which provides that a certain defect can be cured by the affidavit of a subscribing witness attesting to the de-execution of the deed and the attestations of the deed. Now the district court, or excuse me, the bankruptcy court, had agreed with the trustee that the term subscribing witness means somebody that actually witnessed the execution of the deed by the borrower or the grantor. Yes, it's really the person who signed as witness, isn't it? Yes, yes. That's what a subscribing witness is. And I look back at Noah Webster's dictionary from 1828, Bouvier's from 1856, there are just a number of dictionaries from the era in which the statute was enacted that are very clear that a subscribing witness is the signing witness. Yes, Your Honor. And in this case, we have Mr. Smith, who executed the closing affidavit, who is not a subscribing witness because he did not sign on the deed as having witnessed the execution by the grantor or borrower. And the bankruptcy court found that. The district court, however, agreed with the statement of the law, but then doing so, the district court really violated a couple of different things. Number one, he violated the rule of statutory construction, which is that you're not supposed to interpret a statute in a way that renders a portion of the statute superfluous or a mere surplusage. And what his interpretation did is it took out the meaning of the word subscribing from the statute itself. It also violated specifically a Georgia Supreme Court decision on this issue, Hinds v. Yeltsin, or Willie v. Hinds, Yeltsin Lumber. And in that case, the issue before the Supreme Court was an affidavit that was submitted by somebody that did not sign as a witness to the execution of the instrument by the person. And even though the affidavit stated that the person saw the sign, the Supreme Court said that that's not sufficient for the remedial statute because they're not a subscribing witness. I don't necessarily have any argument with your statutory interpretation, but I'm wondering about something that I don't know that I saw from either party, which is, under Georgia law, I think that you can file for equitable reformation of a document. The case J.P. Morgan Chase v. Del Piano from the Georgia Court of Appeals is a very similar situation to this one. Are you familiar with that case? Not right off, and that was not something that we had briefed on this. I think, is that a situation where there was a bona fide purchaser for value whose rights would have been affected by the equitable reformation? The security deed filed with respect to a property that lacked the signature of an Apparently, a case from, an earlier case from the Georgia Court of Appeals says, in all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. Well, I think you have to look at it from the standpoint that equity's got to follow the law. And the law is that in a battle between an improperly attested deed and a purchaser wins. So I don't think you can use equity to try to circumvent that general principle of law. The law is very clear that if you look at it this way, the Georgia legislature has made a determination that in these kind of battles, there's a winner and there's a loser. And the loser is the one that doesn't comply with the law. And that's what we have in this case. We have a deed that does not comply with the law. And since the law mandates that they lose to a bona fide purchaser, I don't think equity can correct that. Thanks. The other, I think, flaw and many flaws in the district court's decision, but the other one that I think I would want to point out is the very nature of the affidavit under 44-18. And this is where we get into the Kim case. In the Kim case, we had an affidavit signed as a witness to the execution of the deed. Yes. The closing attorney in Kim was a subscribing witness. Yes. He just forgot to affix the seal. And Smith was not a subscribing witness. That's correct. That's correct. But I think it also goes to the very nature of what the affidavit does. The affidavit can only testify to what's on the deed. And what's on the deed in this case is a single attestation. It can't testify to something that's not there. And so it can't cure a missing attestation because it's just an affidavit. It's not providing something that's missing. It's just stating what's there. And so in connection, so looking at it from the standpoint of that, no affidavit could have ever cured this problem if all they're doing is attesting to what the deed says. And that's why the Kim case is very clear that Kim does not stand for the proposition that a closing attorney's affidavit can be used to substitute for proper attestation. Do you remember what year these documents were signed in the first place? This was in 2015, August of 2015. And so at that time, they required two attesting signatures for a deed to be recorded of record. I thought back then if he did sign the attestation, that would have been sufficient alone. It was an either-or statute. No, no. It is, they changed it so it specifically has to be two attesting witnesses. I think that law changed maybe three weeks before the signatures in this case. Yeah, it did. I know, but I'm talking about before the law changed. What was the law? Well, I think before the law changed, you still had to have two signatures, but you could verify one through an acknowledgment as opposed to attestation. And I think that the way that that was interpreted — And that's what we had here. They complied with the law before it changed. Well, under the — This deed — Yes, under the — under the Krieg decision that this Court recently issued, I would say that that is a true statement. Okay, that this deed — I'm not trying to argue with you. I'm just trying to understand the case. This deed did comply with the law three weeks before the law changed. Yes, but I would like to point out that the change of this law was a big deal in the real estate industry. Change in law is a change in the law, okay? Right. And it's pretty clear here that they went under the old law and they didn't bother to sign. He could have easily signed as a witness also, right? The attorney could have signed on the same page. Yes, and if he had — Borrow a sign. I think it was the sister that signed, too, right? Right. That's correct. And he could have easily signed on the same page. Yes, he could have. But instead, he did what the law allowed him prior to the change, which is assign the attestation. He signed as an acknowledgment. Acknowledgment, okay. Yes. And what did the acknowledgment say? The acknowledgment said that the borrower had provided a borrower's license and said that they signed the deed. That's what an acknowledgment does. Okay, so the acknowledgment functionally says the borrower signed this. Yes, but it does not say that he witnessed it. They make a very big distinction between attestation and acknowledgment. And in this case, I think it makes it very clear that — How do you attest that somebody signed it without knowing, without acknowledging it? You witness it, and you sign as a witness. That you've seen it. No, I'm talking about the second document, the acknowledgment. He acknowledged that she signed the deed, correct? Yes, yes. And the acknowledgment can come at any time. It doesn't have to be that day. No, the acknowledgment doesn't say, I witnessed her doing so. That's correct. Acknowledgment is saying, I acknowledge she signed the deed. I acknowledge that she told me she signed the deed. I don't think it says she told me that. It doesn't say she told me, does it? No, but that's the function of the acknowledgment. I don't know what the function of it is. It used to be sufficient in and of itself without. So it must do something. Yeah, yeah. It looked to me like the acknowledgment, implicit in the acknowledgment, he says he's an attorney, and he's saying she signed the deed. It doesn't say whether he was present or not present. And that's the failure, because an attestation is a different animal. And there's a number of courts. I agree, but before the law changed, that would have been sufficient, right? We would not have brought this action before the law changed. And so then that brings us to the remedial statute. There's no doubt there's a defect here under the new law. I don't think that's an issue. The question is whether the remedial statute applies, correct? That is correct. But also, the question is, what does the affidavit do? It can only testify to what's there and can't fix something that's not there. Thank you. Mr. Rosak. Good morning. May it please the Court, I'm John Rosak. I'm here for the Appalese Pangora Loan Services and LoanDepot.com LLC. Mr. Nation is correct that a key issue in this case is the definition of subscribing witness. Mr. Nation said under Georgia law, more specific, the definition of subscribing witness under the remedial statute. And we're using that term to refer to OCGA 44218. If I may, this was quoted in both briefs, but if I may just read the language of that short statute. If a deed is neither attested by nor acknowledged by one of the officers named in Code Section 44215, a notary, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers named in 44215 and shall testify to the execution. I think you actually have two problems. That neither, it means that the condition is a conjunction of two requirements. The deed was not attested by an officer and the deed was not acknowledged before an officer. It has to be both in the negative, which isn't the case here. But even if you didn't have that problem, you'd have the problem of the subscribing witness, which seems to me is pretty clear. That's a witness who attests by writing one's name underneath. Your Honor, two points. One is, and the Court just discussed this with Mr. Nation, by the time this was, these deeds were executed, the law had changed and only an attest. Yes, but the remedial statute didn't change. That's the problem. Correct. But the remedial statute does not apply just to this recording statute. It applies to other statutes where an acknowledgement would be sufficient. And so the remedial statute retains both the attestation and the acknowledgement line.  And it's true that the statute changed, but the remedial statute didn't. And the remedial statute says it has to be neither of these. You have to have both of these haven't happened. And you don't have that. That's problem one. And then problem two is the subscribing witness problem. Do you understand what I'm saying? I do, Your Honor. With regard to problem one, we've got to construe the statute so that it makes sense. I can make sense of it. Well, it would not be logical that a remedial statute, a statute enacted by the Georgia General Assembly to help fix a defect, would disqualify a deed from its application merely because it contains an acknowledgement that's not required. The problem — The acknowledgement in this case — The problem, I think, is that they didn't — the legislature, for whatever reason, didn't notice that the remedial statute would no longer be helpful. Right. I suspect that if the legislature sees this decision has time some year in its legislative calendar, they might fix it. But for now, I just — I'm not sure it applies. Though I'm curious if you're familiar with the case I mentioned or the concept I mentioned, the ability to equitably reform a contract. Is that something that you and your client have looked into? That is not something that we've argued. I don't know — I know it's not something you've argued. I'm just curious if it's something that you've listened to. I don't know that it would apply in this case because we are looking at a fixed date and time, which is the filing of a bankruptcy case. I think it probably would require a motion to a Georgia court anyway. I don't think it's anything that we could do, but I wondered whether that was something that had been considered and there was some reason that that didn't work before. That — I had not considered that, Your Honor. Okay. With — Your Honor, we do not believe that that — we believe that the language in the remedial statute that refers to attestation and acknowledgement is there to accommodate the other statutes it applies to and that it does not render itself inapplicable to — I mean, I have to read it. I mean, I can read the language. I know how it worked under the old law and the remedial statute worked then, but where it was acknowledged before Smith and the remedial statute requires that it be neither-nor, well, we have a — we can't satisfy that. It was acknowledged before an officer, before a notary public. That's problem one. And then if — even if you can get beyond that, then you have the subscribing witness problem, which to me seems very straightforward. If I may address the subscribing witness issue, Your Honor, the remedial statute in the very first sentence uses forms of attest two different times. It also uses the term subscribing witness in that same sentence. Now, the trustee's argument is, in effect, that the definition of subscribing witness must mean the same thing as attesting witness. We would say under the rules of statutory construction that that cannot be, specifically the presumption of consistent usage. When we've got a word that the legislature has used and it uses another word, the presumption is that there is a different meaning. So the — What is your meaning you're advocating for for subscribing witness? I thought it was somebody who witnessed the signing of the deed. They had to actually witness it. The curative affidavit gives evidence of his having witnessed the signature. He is, first off, a subscribing witness, though not — though on — How? Because his signature is there at the bottom of the security deed, albeit as an acknowledgement. The — If the General Assembly wanted to limit this just to a situation where an attestation is made but not notarized, it could have said that, and it didn't. It doesn't say a defective attestation. It says no attestation whatsoever. So by the same argument that the Court has addressed the acknowledgement issue, any attestation at all would — By that argument, Kim could not survive under that argument. Because in Kim, there was an attestation. Yeah, but there was a signature. Smith, the closing attorney in Kim, was a subscribing witness. He signed the deed as a witness. That's not what happened here. I mean, you look at the Virginia Lindstrom signs and Dorothy Lindstrom signs, but then you go to the next page and then you've got this record was acknowledged before by Virginia Lindstrom, produced I.D., and then you've got the notary signature. That's not — that's not a subscribing witness signature on the deed. That's not an attesting witness, but the statute uses those two different terms, and the presumption is that those two different terms are going to mean something different. Under the trustee's argument, that would not be the case. Subscribing witness must be an attesting witness and only an attesting witness. In this case, the proper interpretation of that statute is that it is a witness who signed. In our case, the closing attorney signed as a witness, albeit under an acknowledgement and not an attestation. And then the remedial statute provides the measure by which that defect can be cured. In the remedial statute, using the same language used by the closing attorney in In Re Kim, Mr. Smith says the borrower signed — the borrower signed the security deed. Similar to In Re Kim, we've got all those indicators of a nexus between the affidavit and the security deed, the incorporations back and forth. But the key in In Re Kim was that there's an affidavit saying that the borrower signed, and that satisfied the remedial statute and the requirement that there be an attestation as to the signature. Without the attorney's affidavit, there is a defect. But if the remedial statute is going to mean anything, it needs to mean that you can have a situation such as this where there is no attestation whatsoever. That's — that is what the General Assembly said. If there's not an attestation before a notary. Again, the General Assembly did not say a missing notary stamp. It could have. It didn't say some other defect, a missing date or something like that. So subscribing witness has to mean something different or a little bit more than a mere attestation. In this case, the affidavit of the closing attorney that's incorporated by the writer attests to the borrower's signature and under the remedial statute cures the defect of the missing attestation on the face of the — the face of the security deed. Now, the affidavit does not make Mr. Smith a subscribing witness. It is, however, the evidence that he is a subscribing witness. The district court properly concluded that he could not make that statement, the borrower signed the security deed, without having witnessed it. You know, Kim — and Kim — I'm quoting from Kim. The attestation page of the security deed signed by Hong Yong Kim, an unofficial witness and a notary public, the closing attorney, appears on the deed book only four pages prior to the affidavit. So the defect in Kim, the absence of a notary seal, had the effect of making the closing attorney a second unofficial subscribing witness. We don't have that here. Correct, Your Honor. We have a — That's why Kim is distinguishable. Well, Your Honor, we don't have that there, but we do have a defect that falls within the scope of the remedial statute. Now, this Court in Kim went through a very careful analysis of these points of nexus and, you know, looked at the signature and all that. The Court did not say this is an exclusive list. The Court didn't even say it's a non-exclusive list. The Court was just applying the facts given in that case to the remedial statute and correctly found that the remedial statute applied. We think there are many of the same similarities, but the key issue here is that definition of subscribing witness. Again, the subscribing witness as used in this particular statute must mean something other than and more than a testing witness. Well, that — I mean, every diction, every law dictionary of the era where the — when the statute was enacted suggests the opposite. We — that's actually respectfully disagree, Your Honor. There are two definitions that run. One looks like a definition of attestation, and one looks exactly like a definition of acknowledgment, one who hears a document acknowledged. That — and those two definitions run through over the years, run through the legal dictionaries and just the, you know, the Websters and the Oxfords. We, in fact, cited that — we cited that in our brief to the District Court that, you know, with respect to definition of subscribing witness. So there is certainly plenty of history to support an interpretation of subscribing witness that is other than an attesting witness, and that includes someone who acknowledges. Because the General Assembly chose to use a different word other than attesting witness, we have to look towards that expanded scope of the definition of subscribing witness. We think that the — we think the District Court was correct in finding that Mr. Smith was a subscribing witness within the meaning of the remedial statute, not the statute applying. So — Okay. I think we have your case. Thank you. Thank you, Your Honor. Thank you. Mr. Nason, you've saved five minutes or as much as you want to use of it. I'm not sure I'll be using up all of it, but I just wanted to make a couple of points here. At no point has either the District Court or the appellees addressed the Hines-Yeltsin-Lumber case, which specifically stated that a subscribing witness is the one who witnessed the signing of the instrument. And that's a statement of Georgia law by the highest court in the land, and Federal courts are bound to follow that. Yeah. In 1930, the Supreme Court of Georgia said attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact. Yes. Yes. I look at law dictionaries. I look at English language dictionaries. I look at Georgia Supreme Court decisions from this period. They all point the same direction, don't they? I agree. And just to be clear, that is not a failure that can be cured under the concept of substantial compliance. That is a preliminary requirement for the very affidavit itself. Substantial compliance just relates to the form of the affidavit and the language in it. Anything else you wanted to tell us? I have a question. The Chief's question was, there are two issues here. One is whether the condition precedent was met, and then whether or not there was a subscribing witness. Yes. As I read your brief, and I may have missed it, I didn't see you raise that there was no condition precedent under the remedial statute. What you said is there was no subscribing witness, but I may have gotten that wrong. Is that correct? We argued that before the bankruptcy court and the bankruptcy court held that the statute . . . I'm talking about what you argued to our court. Did you challenge that in the bankruptcy court that the condition precedents were not met? I did not brief that in this court because the issue in the district court is basically the subscribing witness issue, and we went on that one. So the sole issue up here is whether what's in the record, whatever it is, shows a subscribing witness. That was the issue that was being briefed and argued in this appeal because that's what the district court found. Okay. And to make sure I fully understand it, a subscribing witness, we've heard certain definitions, is somebody who actually witnesses the borrower's signing. Is that correct? That is absolutely correct, and signs as a witness. They can't just witness it. Actually witnesses and signs as a witness. That is correct. So the remedial statute basically, to remediate, if you've got to actually witnessing it is not enough. If you come in and it's your argument, that's not enough. We don't really doubt that he actually witnessed it. That is correct. It is not enough. He's a notary here. Actually, after the, he may not have signed as a witness, but right after they sign, he as a notary says, I mean, he swears that Virginia signed and she produced identification. Identification. So he, the record is also clear that he witnessed. So that's not your problem here. I would disagree with that because if he was a witness, why wouldn't he just sign on the attesting page as a witness? Why would he turn the page to go to the acknowledgement? We know his signature is not there as a witness, so we all wouldn't be here. Okay. So the question is, is he a subscribing witness? And you're saying it's not only that he's got to show he, to remediate, he's got to show he was a witness and he witnessed it, but that he actually signed. So what you're basically saying is this remedial statute is to remediate other missing items, not this situation. That's correct. Like a lack of a seal or lack of an unofficial witness, let's say. Lack of an official witness. If you have two witnesses on the deed and one of them may not have been an official witness, you can get that admitted to record through the affidavit. But as far as a subscribing witness, the best way to look at it is the only way to tell whether the affiant in a particular affidavit is a subscribing witness is to look on the affidavit and see if their name is there as having witnessed and signed. But if his name was there, we wouldn't have a defect to begin with, right? Excuse me? No. If his deed was here, we wouldn't have a defect. If his — if he was signed as a subscribing witness, we wouldn't have a defect here to begin with. That's correct. It would have been the Kim case, and we would not have brought it because that's already been decided by the Eleventh Circuit. Okay. Thank you. I think we understand your case. Thank you. Next case.